IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARL WICHELMAN,

        Plaintiff,                      No. CIV S-11-915 JAM EFB PS

        vs.

COUNTY OF SACRAMENTO;
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT; SACRAMENTO
COUNTY DISTRICT ATTORNEY'S
OFFICE; STARR McKERSIE; STACY
WAGGONER; JOHN OTTER,

        Defendants.                 ORDER

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 5, 2011, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis*, directed the Clerk of the Court to issue process and provide plaintiff with the necessary documents for service, and directed plaintiff to supply the United States Marshal ("Marshal") with all information and documents needed to effect service of process. Dckt. No. 4. The May 5 order further directed the Marshal to effect service of process. *Id.*

        The Marshal now requests reimbursement of expenses incurred in personally serving the Sacramento District Attorney's Office and the County of Sacramento/Board of Supervisors.

1

Dckt. Nos. 21, 22. The forms USM-285/Process Receipt and Return filed by the Marshal on October 31, 2011, show that the Marshal mailed the Sacramento District Attorney's Office and the County of Sacramento/Board of Supervisors waivers of service on June 15, 2011. Dckt. Nos. 20, 23. The forms also includes notations that the waivers of service were not returned. *Id.* The Marshal then personally served the County of Sacramento/Board of Supervisors on October 10, 2011 and personally served the Sacramento District Attorney's Office on October 26, 2011. *Id.* The forms show total charges of $56.02 for personally serving the County of Sacramento/Board of Supervisors and total charges of $56.02 for personally serving the Sacramento District Attorney's Office. *Id.*

Rule 4 of the Federal Rules of Civil Procedure provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). The Rule further provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2). In light of those provisions, the Marshal may be entitled to the costs sought, as it appears that the Sacramento District Attorney's Office and the County of Sacramento/Board of Supervisors were given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days from the date of service of this order, the Sacramento District Attorney's Office shall pay to the United States Marshal the sum of $56.02, unless within that time the Sacramento District Attorney's Office files a written statement showing good cause for failing to waive service.

2. Within 14 days from the date of service of this order, the County of Sacramento/Board of Supervisors shall pay to the United States Marshal the sum of $56.02, unless within that time

the County of Sacramento/Board of Supervisors files a written statement showing good cause for failing to waive service.

    3. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

Dated: November 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE