IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARL WICHELMAN,

     Plaintiff,                                No. CIV S-11-915 JAM EFB PS

    vs.

COUNTY OF SACRAMENTO;
SACRAMENTO COUNTY SHERIFF'S      ORDER TO SHOW CAUSE
DEPARTMENT; SACRAMENTO
COUNTY DISTRICT ATTORNEY'S
OFFICE; STARR McKERSIE; STACY
WAGGONER; JOHN OTTER,

     Defendants.
_____/

     This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 5, 2011, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis*, directed the Clerk of the Court to issue process and provide plaintiff with the necessary documents for service, and directed plaintiff to supply the United States Marshal with all information and documents needed to effect service of process. Dckt. No. 4. Also on May 5, 2011, the court issued an order which, among other things, set a status (pretrial scheduling) conference for September 14, 2011, directed plaintiff to serve a copy of the order concurrently with service of process, and directed the parties to file status reports within fourteen days of the September 14, 2011 conference. Dckt. No. 6.

On September 7, 2011, the undersigned issued an order continuing the initial status (pretrial scheduling) conference in this action to November 2, 2011 due to the parties' failure to timely file status reports as required. Dckt. No. 16. The order also required the parties to show cause, in writing, on or before October 19, 2011, why sanctions should not be imposed for their failures to file status reports, and to file such status reports by October 19, 2011. *Id.* at 2. Defendants the County of Sacramento (sued as the Sacramento Sheriff Department and the Sacramento District Attorneys Office), Starr McKersie, and Stacy Waggoner responded to the order to show cause on September 14, 2011. Dckt. No. 17. Then, on September 20, 2011, plaintiff filed a motion for an extension of time to respond to the order to show cause and to file a status report. Dckt. No. 18. Although plaintiff did not clearly specify why an extension of time was needed, the request was granted. Dckt. No. 19. The status conference was continued to November 16, 2011, plaintiff was given until November 2, 2011 to respond to the order to show cause, and the parties were directed to file a joint status report by November 2, 2011. *Id.* The order further provided that "[f]ailure of the parties to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with this court's orders and Local Rules. *See* Fed. R. Civ. P. 41(b)." *Id.*

On November 1, 2011, defendants the County of Sacramento (sued as the Sacramento Sheriff Department and the Sacramento District Attorneys Office), Starr McKersie, and Stacy Waggoner filed a status report. Dckt. No. 24. However, the docket reveals that plaintiff has failed to file a status report, as required by the September 20, 2011 order.[1] The aforementioned defendants' status report also indicates that defendants attempted to reach plaintiff in order to meet and confer, as required by Federal Rule of Civil Procedure 26(f), but were unable to reach him. *Id.* at 1. Therefore, the undersigned will continue the status (pretrial scheduling)

---

[1] Defendant John Otter also failed to file a status report. However, the docket reveals that the summons for John Otter was returned unexecuted. Dckt. No. 12.

conference and will order plaintiff to show cause why he should not be sanctioned for failing to file a status report as ordered.  *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  The court will also order the parties to meet and confer, as required by Federal Rule of Civil Procedure 26(f), and to file a joint status report if possible.

Accordingly, IT IS HEREBY ORDERED that:

1.  The status conference currently scheduled for November 16, 2011, is rescheduled for January 18, 2012, at 10:00 a.m., in Courtroom No. 24.

2.  Plaintiff shall show cause, in writing, on or before January 4, 2012, why sanctions should not be imposed for failure to file a status report in compliance with the court's September 20, 2011 order.

3.  On or before December 14, 2011, the parties shall meet and confer, as required by Federal Rule of Civil Procedure 26(f).

4.  On or before January 4, 2012, the parties shall file a joint status report setting forth the matters referenced in the court's May 5, 2011 order.[2]

////
////
////
////

---

[2] If the parties are unable to file a joint status report, separate status reports may be filed. However, the parties shall explain therein why they were unable to obtain a joint status report.

3

5. Failure of the parties to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with this court's orders and Local Rules. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: November 4, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE