IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARL WICHELMAN,

    Plaintiff,                       No. CIV S-11-915 JAM EFB PS

    vs.

COUNTY OF SACRAMENTO;
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT; SACRAMENTO
COUNTY DISTRICT ATTORNEY'S
OFFICE; STARR McKERSIE; STACY
WAGGONER; JOHN OTTER,

    Defendants.                  <u>ORDER</u>

        This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 23, 2012, the undersigned issued an order and findings and recommendations, which vacated the status (pretrial scheduling) conference and recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute the action and to comply with court orders. Dckt. No. 30. Specifically, the court noted that plaintiff failed to timely file a status report, as ordered, on four separate occasions. *Id.* The court also noted that plaintiff failed to respond to defendants' efforts to meet and confer to prepare status reports, and failed to respond to the court's most recent order to show cause, even after being admonished

1

that failure "to file a status report or show cause, as ordered, may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with this court's orders and Local Rules." *Id.* at 4 (citing Dckt. No. 29 at 4).

On March 9, 2012, plaintiff filed objections to the findings and recommendations, arguing that the case should not be dismissed and noting that he has not "processed this case at all because of [his] situation." Dckt. No. 31 at 4. Specifically, plaintiff contends that he has been living in motels and has had "limited unsecured access to the internet" and no money for office supplies or paper. *Id.* Plaintiff also includes a litany of additional allegations that are unrelated to the findings and recommendations or to plaintiff's failure to prosecute. Finally, plaintiff requests that the Clerk of Court notify him via electronic mail when he is served with any documents in this case. *Id.* at 8.

Defendants replied to plaintiff's objections on March 13, 2012, arguing that the objections should not be considered since they were not timely filed and are incomprehensible. Dckt. No. 32. Defendants argue that "[b]ased upon the procedural history of this matter and the obtuse 'objection' filed by Plaintiff," the findings and recommendations should be adopted and this action should be dismissed. *Id.* at 2.

Notwithstanding plaintiff's long history of failing to meet court deadlines and failing to comply with court orders, in light of plaintiff's pro se and financial status, the court will reluctantly vacate the findings and recommendations and give plaintiff one last chance to prosecute this action. However, plaintiff is admonished that he must obey all future court orders, meet all deadlines, and actively participate in the prosecution of this case (including cooperating with defense counsel during meet and confer efforts). If plaintiff fails to do so, this court will once again recommend dismissal for failure to prosecute.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The February 23, 2012 findings and recommendations are vacated.

2. The status (pretrial scheduling) conference is re-set for May 23, 2012 at 10:00 a.m. in Courtroom No. 24.

3. On or before May 9, 2012, the parties shall file either a joint status report or separate status reports addressing the matters set forth in the May 5, 2011 order.

4. Failure of plaintiff to comply with this order will result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with this court's orders and Local Rules. *See* Fed. R. Civ. P. 41(b).

5. The Clerk of Court is directed to serve a copy of this order on plaintiff at his address of record, as well as via electronic mail to kw.pacer2@gmail.com.[1]

DATED: April 4, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although this order will be served on plaintiff at both his address of record and his email address, if plaintiff seeks to have all future orders served on him electronically, he shall file a request that he be served in that manner. However, plaintiff's request for *both* mail and electronic service for all future orders will not be granted.