IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARL WICHELMAN,

    Plaintiff,                                            No. CIV S-11-915 JAM EFB PS

    vs.

COUNTY OF SACRAMENTO;
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT; SACRAMENTO
COUNTY DISTRICT ATTORNEY'S
OFFICE; STARR McKERSIE; STACY
WAGGONER; JOHN OTTER,

    Defendants.                               <u>ORDER AND</u>
                                                         <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, has a long and frustrating procedural history.[1] On May 5, 2011, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis*, directed the Clerk of the Court to issue process and provide plaintiff with the necessary documents for service, and directed plaintiff to supply the United States Marshal with all information and documents needed to effect service of process. Dckt. No. 4. Also on May 5, 2011, the court issued an order which, among other things, set a status (pretrial scheduling) conference for September 14, 2011, directed plaintiff to serve a copy of the

---

[1] The case was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

order concurrently with service of process, and directed the parties to file status reports within fourteen days of the September 14, 2011 conference. Dckt. No. 6.

On September 7, 2011, the undersigned issued an order continuing the initial status (pretrial scheduling) conference in this action to November 2, 2011 due to the parties' failure to timely file status reports as required. Dckt. No. 16. The order also required the parties to show cause, in writing, on or before October 19, 2011, why sanctions should not be imposed for their failures to file status reports, and to file such status reports by October 19, 2011. *Id.* at 2. Defendants the County of Sacramento (sued as the Sacramento Sheriff Department and the Sacramento District Attorneys Office), Starr McKersie, and Stacy Waggoner responded to the order to show cause on September 14, 2011. Dckt. No. 17. Then, on September 20, 2011, plaintiff filed a motion for an extension of time to respond to the order to show cause and to file a status report. Dckt. No. 18. Although plaintiff did not clearly specify why an extension of time was needed, the request was granted. Dckt. No. 19. The status conference was continued to November 16, 2011, plaintiff was given until November 2, 2011 to respond to the order to show cause, and the parties were directed to file a joint status report by November 2, 2011. *Id.* The order further provided that "[f]ailure of the parties to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with this court's orders and Local Rules. *See* Fed. R. Civ. P. 41(b)." *Id.*

On November 1, 2011, defendants the County of Sacramento (sued as the Sacramento Sheriff Department and the Sacramento District Attorneys Office), Starr McKersie, and Stacy Waggoner filed a status report. Dckt. No. 24. However, plaintiff failed to file a status report,[2] as required by the September 20, 2011 order, and the afore-mentioned defendants' status report also indicated that although defendants attempted to reach plaintiff in order to meet and confer, as

---

[2] Defendant John Otter also failed to file a status report. However, the docket revealed that the summons for John Otter was returned unexecuted. Dckt. No. 12.

1 required by Federal Rule of Civil Procedure 26(f), they were unable to reach him. *Id.* at 1.
2 Therefore, on November 4, 2011, the undersigned continued the status (pretrial scheduling)
3 conference once again, and ordered plaintiff to show cause why he should not be sanctioned for
4 failing to file a status report as ordered. Dckt. No. 26. The court also ordered the parties to meet
5 and confer, as required by Federal Rule of Civil Procedure 26(f), and to file a joint status report
6 if possible. *Id.*

7 On November 4, 2011, plaintiff filed a response to the order to show cause, making
8 numerous allegations against defendants and other individuals not named in plaintiff's
9 complaint.[3] Dckt. No. 27. However, the response did not explain why plaintiff failed to file a
10 status report in compliance with the court's May 5, September 7, or November 4, 2011 orders.
11 Nor did it explain why plaintiff failed to meet and confer with defendants, as required by Federal
12 Rule of Civil Procedure 26(f). Additionally, plaintiff still did not file a status report addressing
13 the matters set forth in the May 5, 2011 order. Dckt. No. 6 at 2-3.

14 On December 15, 2011, defendants the County of Sacramento (sued as the Sacramento
15 Sheriff Department and the Sacramento District Attorneys Office), Starr McKersie, and Stacy
16 Waggoner filed a further status report. Dckt. No. 28. Therein, they stated that "defense counsel
17 [was] unable to meet and confer with plaintiff after attempts to do on September 13th, 19th,
18 October 3rd and 18th, by telephone; November 8th, November 14th, November 21st, November
19 29th and December 13th by email; and October 18th and November 29th by U.S. Mail." *Id.* at 1.
20 They also addressed each of the matters set forth in the May 5, 2011 order, including proposed
21 dates for the scheduling of this action. *Id.*

22 Then, on January 9, 2012, because plaintiff still had not filed a status report, had not
23 responded to defendants' efforts to meet and confer, and had not shown cause why he should not

---

25 [3] Plaintiff also included in his response to the order to show cause what appears to be a request for a writ of habeas corpus. However, because such a request is not proper in this action, 26 that request was denied.

3

be sanctioned for his failures to do so, the status conference was continued to February 29, 2012. Dckt. No. 29.  Plaintiff was given until February 8, 2012 to file a status report addressing the matters set forth in the May 5, 2011 order (or agreeing with the proposals set forth in defendants' December 15, 2011 status report), and to show cause why he should not be sanctioned for his previous failures.  *Id.* at 4.  Plaintiff was admonished that failure "to file a status report or show cause, as ordered, may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with this court's orders and Local Rules."  *Id.* (citing Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")).

Then, on February 23, 2012, because plaintiff once again failed to respond to the order to show cause and failed to file a status report as ordered, the undersigned issued an order and findings and recommendations, recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute the action and repeated failures to comply with court orders.  Dckt. No. 30.

On March 9, 2012, plaintiff filed objections to the findings and recommendations, arguing that the case should not be dismissed and noting that he has not "processed this case at all because of [his] situation."  Dckt. No. 31 at 4.  Specifically, plaintiff stated that he had been living in motels and had "limited unsecured access to the internet" and no money for office supplies or paper.  *Id.*

Defendants replied to plaintiff's objections on March 13, 2012, arguing that the objections should not be considered since they were not timely filed and are incomprehensible.

4

Dckt. No. 32. Defendants argued that "[b]ased upon the procedural history of this matter and the obtuse 'objection' filed by Plaintiff," the findings and recommendations should be adopted and this action should be dismissed. *Id.* at 2.

Notwithstanding plaintiff's long history of failing to meet court deadlines and failing to comply with court orders, in light of plaintiff's pro se and financial status, the court reluctantly vacated the findings and recommendations on April 4, 2012 and gave plaintiff "one last chance to prosecute this action." Dckt. No. 33. The court re-set the status (pretrial scheduling) conference for May 23, 2012 and directed the parties to file either a joint status report or separate status reports on or before May 9, 2012. *Id.* at 4. The court even directed the Clerk of Court to serve plaintiff with a copy of the order at both his address of record and via electronic mail, as plaintiff had requested. *Id.* Plaintiff was admonished, however, "that he must obey all future court orders, meet all deadlines, and actively participate in the prosecution of this case (including cooperating with defense counsel during meet and confer efforts)" and was warned that if he fails to do so, the court would "once again recommend dismissal for failure to prosecute." *Id.* at 2.

The May 9 deadline has now passed, and plaintiff has once again failed to file a status report as ordered. Additionally, according to defendants' May 8, 2012 status report, plaintiff failed to meet and confer with defense counsel, even though defense counsel attempted to do so on April 19, 2012 and May 3, 2012. Dckt. No. 34 at 1. In light of plaintiff's failures, as previously warned, the undersigned will recommend that this action be dismissed for failure to prosecute the action and for failure to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules. *See* Fed. R. Civ. P. 41(b); L.R. 110.

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The status (pretrial scheduling) conference currently set for hearing on May 23, 2012 is vacated;[4] and

2. The Clerk is directed to serve a copy of this order on plaintiff at his address of record, as well as via electronic mail to kw.pacer2@gmail.com.

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action and to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 15, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.